11-2754
Mukhamedjanova v. Holder

BIA
Vomacka, IJ
A087 563 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:
>        DENNIS JACOBS,
>              *Chief Judge,*
>        ROBERT A. KATZMANN,
>        GERARD E. LYNCH,
>              *Circuit Judges.*

_____

GULNORA ABRAROVNA MUKHAMEDJANOVA,
>        *Petitioner,*

>        v.                                    11-2754
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____


FOR PETITIONER:        Alexander J. Segal, Grinberg & Segal, PLLC, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Gulnora Abrarovna Mukhamedjanova, a native of the former Soviet Union and a citizen of Uzbekistan, seeks review of a June 6, 2011, decision of the BIA affirming the May 14, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gulnora Abrarovna Mukhamedjanova*, No. A087 563 662 (B.I.A. June 6, 2011), *aff'g* No. A087 563 662 (Immig. Ct. N.Y. City May 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Mukhamedjanova challenges the pretermission of her asylum application as untimely, the adverse credibility determination, and the denial of her motion to remand.

**I. Asylum**

Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under § 1158(a)(2)(D), unless the petition raises a constitutional claim or a question of law, 8 U.S.C. § 1252(a)(2)(D).  Because Mukhamedjanova challenges only a factual determination and the agency's exercise of discretion, the petition is dismissed as to Mukhamedjanova's asylum claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

**II. Withholding of Removal**

For applications (such as Mukhamedjanova's) that are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may,

considering the totality of the circumstances, base a credibility determination on the "demeanor, candor, or responsiveness of the applicant...the internal consistency of [the applicant's] statement[s], [and] the consistency of such statements with other evidence of record ... without regard to whether an inconsistency ... goes the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also* 8 U.S.C. § 1231(b)(3)(C) (incorporating § 1158(b)(1)(B)(iii) for withholding of removal); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency found that Mukhamedjanova was not credible because of inconsistent testimony regarding when she learned of a friend's activity with the Birlik Party, how often she attended Party meetings, whether another friend was arrested in 2007 or 2008, whether she was detained while interrogated at a prosecutor's office in 2008, when she met a former partner, and whether she received threatening phone calls from her former partner's husband. Because Mukhamedjanova does not dispute that her testimony was internally inconsistent regarding her meeting attendance, or that her application omitted the threats from her partner's husband, and because the remaining inconsistencies are supported by

4

the record, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167.

Moreover, the adverse credibility determination is further supported by the agency's conclusion that Mukhamedjanova's testimony about her involvement with the Birlik Party was vague, confused and unresponsive. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Since Mukhamedjanova's credibility was thus called into question, the agency was permitted to rely in addition on her failure to proffer corroboration. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam), without following the procedural requirements in 8 U.S.C. § 1158(b)(1)(B)(ii), *see Xiao Ji Chen*, 471 F.3d at 342 (explaining requirement that IJ identify and discuss availability of each piece of corroborative evidence applies only to otherwise credible applicants).

Mukhamedjanova argues that the agency's adverse credibility determination did not reach her fear of future persecution because it did not enter an explicit finding as to her sexual orientation. However, the IJ explicitly cited her inconsistent testimony and lack of corroboration on this point as part of the adverse credibility determination.

5

**III. Motion to Remand**

Finally, the agency did not abuse its discretion in denying remand because the evidence Mukhamedjanova submitted did not rehabilitate her credibility and thus was not material to her claim. *See Sanusi v. Gonzales*, 445 F.3d 193, 200-01 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk